UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
ASHLEY HICKS, and KRISTIN RAYMOND,
on behalf of themselves and all other
employees similarly situated,

                       Plaintiffs,         12-CV-6517T

                          v.          **DECISION AND ORDER**

T.L. CANNON CORP., d/b/a APPLEBEE'S or
APPLEBEE'S NEIGHBORHOOD BAR AND
GRILL; T.L. CANNON MANAGEMENT CORP.;
TLC WEST, LLC; TLC CENTRAL, LLC;
TLC UTICA, LLC; TLC NORTH, LLC;
DAVID A. STEIN, individually and
as Owner and Chairman of
T.L. Cannon Corp. and as Director
and Chairman of T.L. Cannon Management
Corp.; MATTHEW J. FAIRBAIRN, individually
and as Owner and President of T.L. Cannon
Corp. and as Director and Chief Executive
Officer of T.L. Cannon Management Corp.;
and JOHN A. PERRY, individually and as
Vice-President and Director of Operations
of T.L. Cannon Corp. and as President of
T.L. Cannon Management Corp.,

                       Defendants,
_____

**INTRODUCTION**

Plaintiffs, Ashley Hicks and Kristin Raymond (collectively, "Plaintiffs"), bring this action on behalf of themselves and all other employees similarly situated for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Minimum Wage Act of the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq*., against T.L. Cannon Corp., d/b/a Applebee's or Applebee's Bar and Grill; T.L. Cannon Management Corp.; TLC

West, LLC; TLC Central, LLC; TLC Utica, LLC; TLC North, LLC; David A. Stein, individually and as Owner and Chairman of T.L. Cannon Corp. and as Director and Chairman of T.L. Cannon Management Corp.; Matthew J. Fairbairn, individually and as Owner and President of T.L. Cannon Corp. and as Director and Chief Executive Officer of T.L. Cannon Management Corp.; and John A. Perry, individually and as Vice-President and Director of Operations of T.L. Cannon Corp. and as President of T.L. Cannon Management Corp. (collectively, "Defendants") relating to allegations that Defendants failed to pay hourly employees the requisite minimum wage. Defendants move for an Order transferring this case to the United States District Court for the Northern District of New York ("N.D.N.Y."), pursuant to 28 U.S.C. § 1404(a).

Plaintiffs move for an Order striking Defendants' Reply submitted in support of their motion to transfer (Docket No. 52) on the basis that it includes inaccurate factual assertions. In the alternative, Plaintiffs ask the Court to accept their memorandum in support of their motion to strike as a sur-reply to respond to those factual assertions.

For the reasons discussed herein, this Court denies Plaintiff's motion to strike and Plaintiff's request to accept their memorandum as a sur-reply. The Defendants' motion to transfer this case to the United States District Court for the Northern District of New York is granted.

2

## BACKGROUND

This lawsuit is the second case filed against Defendants on behalf of a putative class of hourly employees working in over 50 Applebee's locations throughout the state of New York that alleges wage and hour violations under the FLSA and the NYLL. The first case, Roach, et al. v. T.L. Cannon Corp., et al., Case No. 10-cv-00591 ("Roach"), has been pending in the N.D.N.Y. for nearly three years. In the Roach action that was filed in the N.D.N.Y., Plaintiffs asserted claims for minimum wage and overtime compensation alleging that Defendants did not pay their hourly employees for breaks, and Plaintiffs alleged that employee time records were altered resulting in an underpayment. Plaintiffs in Roach sought to certify a putative statewide class of current and former hourly employees of the New York Applebee's locations that were under the control of Defendants. A significant subsection of that putative class included employees working in tipped occupations.

The Court in Roach denied the plaintiffs' motion to certify a Rule 23 class encompassing all of the current and former employees from over 50 Applebee's locations and instead only certified an FLSA collective action limited to a single restaurant. Despite this ruling, Defendants in Roach were directed to provide counsel for the plaintiffs with the names and last known addresses of all individuals employed by the Defendants for purposes of permitting

3

the plaintiffs to engage in pre-certification discovery. Counsel for the Roach plaintiffs, who are the same counsel for Plaintiffs here, utilized that contact list to solicit thousands of individuals for participation in this lawsuit. Plaintiff's counsel included in this solicitation an opt-in consent form to become a plaintiff in this lawsuit, that was yet to be filed. Defendants challenged the propriety of the solicitation by filing a motion for a protective order in the Roach case. The Court denied Defendants' requested relief because the information that Plaintiff's counsel relied upon was not subject to a protective order.

Here, Plaintiffs filed their Complaint against the same Defendants named in the Roach action. The two named Plaintiffs are different than any of the named Plaintiffs in Roach, but both of the named Plaintiffs in the instant action are included in the putative class in Roach. As in Roach, Plaintiffs here allege that they have not been paid minimum wages under the NYLL and FLSA. Like the plaintiffs in Roach, Plaintiffs allege that Defendants' policies and practices result in an underpayment of minimum wages. In particular, Plaintiffs claim that they were paid tipped wages below the minimum wage even though they spent more than 20% of their time working on non-tipped job duties. Like the plaintiffs in Roach, Plaintiffs here assert their claims on behalf of themselves and others similarly situated. In fact, Plaintiffs here, purport to represent a putative class of the same tipped

4

employees that formed a significant subset of the putative class of hourly employees in Roach.

<b><u>DISCUSSION</u></b>

**Plaintiff's Motion to Strike**

Plaintiffs move to strike Defendants' reply affirmation in support of their motion to transfer venue on grounds that the reply makes or relies on an inaccurate assertion, that the parties are the same in this action and the Roach action pending in the N.D.N.Y. Additionally, Plaintiffs claim that the information contained in Defendants' reply was not included in their initial moving papers, and therefore Plaintiffs did not have an opportunity to address the issue of whether the parties in both actions are the "same."

Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored. N.Y. State Elec. & Gas Corp. v. U.S. Gas & Elec., Inc., 697 F.Supp.2d 415, 438-39 (W.D.N.Y. 2010)(citing Rochester-Genesee Reg'l Transp. Authority v. Hynes-Cherin, 531 F.Supp.2d 494, 519 (W.D.N.Y. 2008)). A motion to strike "will be denied unless the allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to

one or more of the parties to the action." Rochester-Genesee, 531 F.Supp.2d at 519.

Here, Plaintiffs have not demonstrated and cannot demonstrate that they have been prejudiced in any way by the Defendants' characterization that the parties are the "same." Defendants have repeatedly explained throughout both their memorandum in support of their motion to transfer venue and their reply memorandum in further support of their motion to transfer venue that the defendants in both actions are the same; that all of the putative plaintiffs in this action are also putative plaintiffs in the Roach action; that the two named Plaintiffs in this action are different, but that they are included in the putative class of the Roach action; that the geographical scope of the two actions is the same; that Plaintiffs seek to represent a class of hourly employees who have worked in any of Defendants' restaurants across the state of New York in both actions; and that Plaintiffs' counsel solicited participation in this action from a class list that was produced in the Roach action.

I find that Defendants' characterization that the parties as the "same" in both cases does not cause any significant prejudice to Plaintiffs, and accordingly, I deny Plaintiff's motion to strike.

**Plaintiffs' Request to Submit a Sur-reply**

Plaintiffs also request that the Court accept their motion to strike as a sur-reply to address the contention that the parties in this action are the "same" as the parties in the Roach action.

The local rules of this Court prohibit sur-reply papers. See W.D.N.Y.R. 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted"). This Court also recognizes, however, that it is improper practice for a party to raise new issues or arguments in its reply brief. See Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir.1999) ("[N]ew arguments may not be made in a reply brief."); Meadowbrook-Richman, Inc. v. Assoc. Fin. Corp., 253 F.Supp.2d 666, 680 (S.D.N.Y.2003). Therefore, sur-reply papers may be permitted where new evidence is presented on a party's reply brief in further support of its motion. Coyle v. Crown Enters., Inc., 2009 U.S. Dist. LEXIS 22452, at *26 (W.D.N.Y. March 19, 2009).

Here, Defendants' reply memorandum does not contain any new factual assertions. Defendants argued, both in their initial motion to transfer and in their reply memorandum that the parties were and are the "same." In fact, Defendants, referring to the parties in this action, used the exact phrase "the same parties" not once, but twice on the first page of their memorandum of law in support of their motion to transfer venue (Docket No. 24-4). Defendants also qualified the assertion that the parties are the

7

"same" by stating repeatedly that the named Defendants are all the same, the putative class members in this action are all putative class members in the Roach action, and the putative class in this action comprises a substantial subset of the putative class members in the Roach action. See Id. at 1, 2, 4, 5, 8, 9, 10, 11, 12.

Not only did Plaintiffs have an opportunity to reply to the assertion that the parties were the "same," Plaintiffs did, in fact, reply to that assertion in their memorandum of law in opposition to Defendants' motion to transfer venue. See Docket No. 50 at pg. 22. Plaintiffs refute the claim that the parties are the same by specifically stating, "defendants' argument that this action and Roach have the 'same putative class members' is incorrect'...This action involves only employees who were paid on the basis of the tip credit." Id. Plaintiffs also stated, "Roach, by contrast, involves all hourly employees regardless of whether they were paid on the basis of the tip credit." Id.

I find that Defendants' did not present any new evidence in their reply memorandum in further support of their motion to transfer venue, and therefore, I deny Plaintiff's request to submit as a sur-reply their memorandum in support of their motion to strike.

**Defendants' Motion to Transfer Venue**

Defendants request a transfer of venue to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. § 1404.

28 U.S.C. § 1404 provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The threshold question in a motion to change venue under § 1404 is whether the case could have been brought in the proposed transferee district. 28 U.S.C. § 1404(a); see Madison v. Dyal, 746 F. Supp. 2d 450, 452 (W.D.N.Y. 2010). In addition, the Court may consider, *inter alia*, the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., 599 F.3d 102, 112 (2d Cir. 2010)(quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106-7)). The party moving for transfer must show by clear and convincing evidence that the factors favor the transfer. N.Y. Marine, 599 F.3d at 113-114.

Venue is proper in a judicial district in which any defendant resides, and a corporate defendant doing business in a state with multiple districts "shall be deemed to reside in any district" in which it is subject to personal jurisdiction. 28 U.S.C. §§ 1391(b)(1), (d). There is no question that this action originally could have been brought against the Defendants in the N.D.N.Y. The same Defendants are currently defending the <u>Roach</u> case that was initially brought in the N.D.N.Y.

(1) <u>Plaintiffs' Choice of Forum</u>

Although a plaintiff's choice of forum is generally entitled to substantial deference in the transfer analysis, in class actions, the plaintiff's choice of forum is a less significant consideration. See <u>Warrick v. Gen. Elec. Co.</u>, 70 F.3d 736, 741 (2d Cir. 1995); <u>IBJ Schroeder Bank & Trust Co. v. Mellon Bank, N.A.</u>, 730 F.Supp. 1278, 1282 (S.D.N.Y. 1990). "The reason [for this] is that in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." <u>Goggins v. Alliance Capital Mgmt., L.P.</u>, 279 F.Supp.2d 228, 232 (S.D.N.Y. 2003).

Plaintiffs chose to bring this case in this District. However, because Plaintiffs purport to represent a putative class of similarly situated employees located all across the State of

10

New York, the Court finds that Plaintiffs' choice of forum is entitled to some weight, but not substantial deference.

(2) The Convenience of the Witnesses

Usually, the "convenience of both the party and non-party witnesses is probably the single-most important fact in the analysis of whether transfer should be granted." Fuji Film Co. v. Lexar Media, Inc., 415 F.Supp.2d 370, 373 (S.D.N.Y. 2006)(quoting Berman v. Informix Corp., 30 F.Supp.2d 653, 656 (S.D.N.Y.1998)).

Because the claims in both actions are so intertwined, many of the witnesses in the Roach action will also be called to testify in this action. Therefore, I find that the convenience of the witnesses weighs in favor of transfer. See Dyson Inc. v. Maytag Corp., 2006 U.S. Dist. LEXIS 73540 (S.D.N.Y. Oct. 11, 2006).

(3) The Location of Relevant Documents

As in the Roach action, the majority of the documents at issue in this case are located at the 54 different Applebee's restaurants relevant to the case. Out of the 54 restaurants at issue, 25 are located in the W.D.N.Y., and 24 are located in the N.D.N.Y., the neighboring district. Accordingly, I find that this factor neither supports nor opposes transfer.

(4) The Convenience of Parties

Although the two named Plaintiffs in this action reside in and worked in this district, the majority of the opt-in Plaintiffs reside and work outside of this district. Additionally, all of the

11

Defendants here, and most of the putative plaintiffs are already involved in a related case in the N.D.N.Y.

Therefore, the Court finds that this factor favors transfer.

(5) <u>The Locus of Operative Facts</u>

As with the location of the relevant documents, there is no single locus of operative facts in this action. Plaintiffs purport to represent hundreds of tipped employees who worked in different restaurant throughout the state of New York-both in this district and in the N.D.N.Y. As there is no single locus of operative facts, I find that this factor is neutral.

(6) <u>The Availability of Compulsory Process</u>

There is no indication that this factor is relevant for this action. Defendants have been more than willing to grant access to key witnesses in the <u>Roach</u> case, who are likely to be key witnesses here as well. Although discovery in this action has been minimal thus far, the witnesses here will be substantially similar to the witnesses in <u>Roach</u>, and Plaintiffs have failed to name any witness whom they could not obtain by virtue of litigating in the N.D.N.Y. in <u>Roach</u> or in this action. Accordingly, this factor neither supports nor opposes transfer.

(7) <u>The Relative Means of the Parties</u>

Because Plaintiffs and their counsel seek to represent hundreds of tipped employees, the relative means of the parties does not weigh in favor of or against transfer. <u>Baltimore v. Toyota</u>

Motor Credit Corp., 2001 U.S. Dist. LEXIS 7451, at *6 (S.D.N.Y June 8, 2001) (holding that "[b]y filing a class action, Plaintiffs have essentially placed themselves on equal footing with Defendants with respect to their means"). Therefore, I find that this factor is neutral.

(8) Balancing the Factors

One factor weighs against transfer: the Plaintiffs' choice of forum. However, as Plaintiffs represent a putative class of employees located throughout the state of New York, this factor is not afforded substantial deference. Four factors are neutral, and the remaining two factors weigh heavily in favor of transfer.

I find that the interests of justice and judicial efficiency strongly support the transfer of this case in light of the pending Roach action that involves similar claims, parties who are substantially the same, the same counsel for both Plaintiffs and Defendants, and a significant overlap in discovery. See Fuji, 415 F.Supp.2d at 376 ("it is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer"); Williams v. City of N.Y., 2006 U.S. Dist. LEXIS 6470, at *9 (S.D.N.Y. Feb. 21, 2006)("[E]xistence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative."); Goggins, 279 F.Supp.2d at 234 (existence of related actions in another tribunal was "[t]he single most significant circumstance

favoring transfer [of][the] action"); see also Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960)("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.").

Plaintiffs argue that to transfer a case for reasons of judicial economy alone is reversible error. Plaintiffs cite to In re Warrick v. Gen. Electric Co., 70 F.3d 736 (2d Cir. 1995), in support of this contention. In Warrick, the Court of Appeals for the Second Circuit reversed a transfer of venue because the district court did not evaluate the convenience of the witnesses and the availability of evidence, which both "weighed heavily" against transfer. Id. at 740-41. The Court in Warrick also noted that "the effect of the transfer was...to foreclose consideration of the case for reasons having nothing to do with 'the convenience of the parties and witnesses' within the meaning of 28 U.S.C. § 1404(a)." Id. at 737. Here, as clearly distinguished from Warrick, an evaluation of the convenience of witnesses and the convenience of the parties, as well as the interests of justice and judicial economy, supports transfer.

Therefore, in the exercise of its discretion and in the interest of justice, this Court finds that Defendants have shown through clear and convincing evidence that the balance of

14

convenience weighs strongly in favor of transfer to the United States District Court for the Northern District of New York.

## CONCLUSION

For the reasons set forth herein, the Clerk of the Court is directed to transfer this case to the United States District Court for the Northern District of New York. Plaintiffs' motion to strike is denied, and their request to file their memorandum in support of their motion to strike as a sur-reply is also denied.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated: June 4, 2013
Rochester, New York